## FORT TRUMBULL CONSERVANCY, LLC *v.*
## ANTONIO H. ALVES ET AL.
### (SC 17826)

Rogers, C. J., and Norcott, Vertefeuille, Zarella and Schaller, Js.

Argued November 19, 2007—officially released April 1, 2008

*Scott W. Sawyer*, with whom was *Nicholas Grimaldi, Jr.*, for the appellant (plaintiff).

*Edward B. O'Connell*, with whom were *Thomas J. Londregan* and, on the brief, *David P. Condon* and

*Jeffrey T. Londregan*, for the appellees (defendant New London Development Corporation et al.).

*Opinion*

ZARELLA, J. The plaintiff, Fort Trumbull Conservancy, LLC,[1] appeals from the trial court's judgment dismissing its action against the defendants city of New London (city) and the New London Development Corporation (development corporation),[2] for lack of subject matter jurisdiction. The trial court determined that the plaintiff's second amended complaint, which was filed in response to the court's order to revise the original complaint, failed to allege a colorable claim under General Statutes § 22a-16 of the Connecticut Environmental Protection Act (act). We conclude that the second amended complaint is facially insufficient to establish standing under the statute. We nevertheless agree with the plaintiff that the complaint was the direct result of the trial court's decision to overrule the plaintiff's objections to the development corporation's request to revise. Accordingly, we reverse the judgment of the trial court.

Our decisions in *Fort Trumbull Conservancy, LLC* v. *Alves*, 262 Conn. 480, 815 A.2d 1188 (2003) (*Alves I*), and *Fort Trumbull Conservancy, LLC* v. *New London*, 265 Conn. 423, 829 A.2d 801 (2003) (*New London I*), provide a more extensive background to the present dispute that is not necessary to repeat. The following

[1] The plaintiff is a "limited liability corporation existing and operating under the laws of the [s]tate of Connecticut to carry on any legal business including but not limited to taking efforts to preserve, conserve, maintain and protect the continuity, historic importance, environment and legal status of an area located in New London known as Fort Trumbull."

[2] The development corporation is "a nonprofit, private development organization with the authority to raise and borrow funds, manage projects, acquire and sell property, and engage in any activity related to the general welfare of the community."

Any reference to "the defendants" in this opinion is to the city and the development corporation collectively.

procedural and factual history is relevant to the resolution of this appeal. The nature of the parties' dispute involves the plaintiff's objections to the defendants' plan to demolish thirty-nine buildings in the Fort Trumbull area of New London in order to implement a municipal development plan. The plaintiff filed its initial complaint on May 1, 2001, seeking declaratory, injunctive and equitable relief, as well as damages and costs, pursuant to § 22a-16. In its original complaint, the plaintiff alleged that the proposed demolitions would result in a reasonable likelihood of unreasonable environmental harm to the natural resources of the state.

The plaintiff filed its first appeal with this court in 2001 from the trial court's judgment dismissing the case on the ground that the plaintiff lacked standing.[3] See *Alves I*, supra, 262 Conn. 482. We concluded that the plaintiff's "allegations, although somewhat vague, were sufficient to withstand a motion to dismiss for lack of standing under the act." Id., 497. Although we concluded that the plaintiff had standing under § 22a-16 to bring the action against the city, the development corporation and the named defendant, Antonio H. Alves, the city's building official, we also concluded that "the factual allegations of the complaint were insufficient to support the plaintiff's claims for relief against Alves and its derivative claims against the city." Id.[4] With respect to

---

[3] We note that the plaintiff initially named Antonio H. Alves, the city's building official, as a defendant. We concluded, in *Alves I*, supra, 262 Conn. 485, 500–501, however, that the plaintiff did not sufficiently allege a cause of action against Alves and upheld the trial court's dismissal with respect to those claims.

[4] Specifically, we concluded that, although the trial court's granting of the motion to dismiss was improper, the claims for relief against Alves were properly subject to a motion to strike. *Alves I*, supra, 262 Conn. 485, 501–502. We also concluded that, although the granting of a motion to strike ordinarily would have provided the plaintiff with an automatic right to amend the complaint to cure the deficiencies, no allegations could be added that would state a claim on which relief could be granted because of our holding in *Nizzardo* v. *State Traffic Commission*, 259 Conn. 131, 788 A.2d 1158 (2002). See *Alves I*, supra, 501. In *Nizzardo*, we concluded that § 22a-16 did not

the plaintiff's remaining claims, we observed that the trial court's dismissal was improper because the plaintiff had alleged that the city and the development corporation engaged in conduct that could constitute a violation of the act. Id., 502.

After we remanded the case to the trial court, the development corporation filed a request to revise pursuant to Practice Book § 10-35.[5] The request to revise first sought to have the entire complaint altered to separate the existing single count against both the city and the development corporation into multiple counts because the development corporation claimed that it was impossible to tell which allegations were directed at the city and which were directed at the development corporation. Additionally, the request to revise sought, inter alia, that the plaintiff be ordered to delete fifty-three of the sixty-nine paragraphs and fifteen of the eighteen stated prayers for relief from its complaint. The plaintiff filed objections to the request to revise pursuant to Practice Book § 10-37 and objected to all but twenty-three of the development corporation's requested paragraph deletions and four of the requested deletions of its prayers for relief. We note that the plaintiff's

expand the jurisdiction of administrative agencies to include consideration of environmental matters not otherwise within their jurisdiction. *Nizzardo v. State Traffic Commission,* supra, 159. "[T]he plaintiff conceded . . . [that] [n]either the [d]emolition [c]ode, city ordinances, nor [the Building Official and Contracting Administrator's Code] require[d] [Alves] to consider [the relevant environmental matters] before issuance of a demolition permit." (Internal quotation marks omitted.) *Alves I,* supra, 498–99.

[5] Practice Book § 10-35 provides: "Whenever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse party's pleading, or (2) the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading, or (3) separation of causes of action which may be united in one complaint when they are improperly combined in one count, or the separation of two or more grounds of defense improperly combined in one defense, or (4) any other appropriate correction in an adverse party's pleading, the party desiring any such amendment in an adverse party's pleading may file a timely request to revise that pleading."

predominant objection to the requested deletions was that the paragraphs at issue contained "allegations . . . material to the issues at bar" that were properly pleaded pursuant to Practice Book § 10-1, which requires a "plain and concise statement of the material facts . . . ."

The trial court overruled the plaintiff's objections without issuing a memorandum of decision and simply noted on the order that the "[e]ntire complaint should be revised to separate out the counts against the various defendants . . . ." In response, the plaintiff filed a motion for articulation, observing that the court's order overruling the plaintiff's objections only explicitly addressed the defendant's first request. The plaintiff requested that the court "specifically sustain the balance of [the] plaintiff's nineteen . . . objections" and asserted that "[a]n articulation [would] permit the plaintiff to properly draft an amended complaint and allow the parties to understand the law of this case regarding the pleadings." The trial court denied the motion for articulation and provided no further explanation.

The plaintiff filed a second amended complaint on March 2, 2006.[6] Our examination of this complaint

---

[6] Prior to filing the second amended complaint, the plaintiff prepared and filed a first amended complaint with a notice of compliance with the court's order on the request to revise and a request for leave to file an amended complaint. The development corporation filed an objection to the request for leave to amend the complaint, claiming, inter alia, that "the plaintiff not only ignore[d] the order of this court and the Supreme Court . . . but also attempt[ed] to import into this case the allegations from a case that was dismissed by [the trial] court, which dismissal was upheld by the Supreme Court . . . ." The case to which the development corporation's objection referred was *New London I*, in which this court upheld the trial court's dismissal of the plaintiff's claims, brought pursuant to § 22a-16, challenging the adoption and implementation of the municipal development plan. *New London I*, supra, 265 Conn. 436–37.

The court sustained the objection, and the plaintiff was not permitted to file its first amended complaint. In granting the plaintiff's motion for articulation of this decision, the trial court explained that it had sustained the development corporation's objection because of the plaintiff's "[f]ailure to comply with the [request] to revise . . . ."

reveals that it was the product of the plaintiff's strict interpretation of and literal compliance with the trial court's order to revise. Upon review of the plaintiff's original complaint, it appears that the plaintiff retained only the paragraphs to which the development corporation had not objected, removed all of the paragraphs that the development corporation requested be deleted, and added only the specific allegations that the development corporation requested, namely, those pertaining to General Statutes § 22a-220[7] and the claim that the city "has not and does not currently meet the recycling and source reduction goals . . . ."

Thereafter, the defendants again filed motions to dismiss on the ground that the court lacked subject matter jurisdiction because the plaintiff "has failed to allege a colorable claim that the defendants' conduct is likely to cause unreasonable pollution to the air, water or other natural resources of the state under . . . § 22a-16." (Internal quotation marks omitted.) The trial court agreed and found that "the initial complaint that was under judicial scrutiny by the Supreme Court in [*Alves I*] has now been altered from its original form and content . . . ." The trial court concluded that "[t]he filing of the [second] amended complaint operates as a withdrawal of the original complaint and renders the original complaint as part of the history of the case. . . . Considering the allegations in the second amended complaint, [the] court finds that the plaintiff has not alleged sufficient facts to demonstrate that it is statuto-

[7] General Statutes § 22a-220 governs the "[m]unicipal provisions for solid waste disposal" and provides in relevant part: "(a) Each municipal authority shall make provisions for the safe and sanitary disposal of all solid wastes which are generated within its boundaries . . . ."

In *Alves I*, "[w]e express[ed] no opinion . . . as to the scope of the city's responsibilities for disposal of the demolition debris under § 22a-220 or whether proof of a violation of that statute would establish a per se violation of the act. We recognize[d], however, that this is the type of claim that . . . [is] within the scope of the act." *Alves I*, supra, 262 Conn. 502.

rily or classically aggrieved to establish standing to bring this suit. Moreover, the factual allegations as currently pleaded provide no basis for the court to infer harm from the defendants' conduct." (Citations omitted.) The plaintiff appealed to the Appellate Court from the judgment of the trial court dismissing the action, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

On appeal, the plaintiff claims that (1) the trial court incorrectly concluded that the allegations set forth in the second amended complaint failed to demonstrate statutory standing under § 22a-16, (2) the trial court incorrectly concluded that the doctrine of the law of the case did not prohibit it from considering, on remand from *Alves I*, whether the plaintiff had statutory standing, and (3) the second amended complaint was a direct result of the trial court's order to revise. Additionally, the plaintiff claims that the trial court improperly ordered it to comply fully with the development corporation's request to revise and improperly denied the plaintiff's request for leave to amend its complaint. In response, the defendants claim that the trial court made no error and that the judgment dismissing the plaintiff's action for lack of standing should be affirmed. Although we agree with the defendants that the second amended complaint fails to allege facts sufficient to establish statutory standing, we agree with the plaintiff that the second amended complaint is the direct result of its compliance with the trial court's order improperly granting certain of the development corporation's requests to revise.

We begin by setting forth the appropriate standard of review. "If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause. . . . A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our

review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Citation omitted; internal quotation marks omitted.) *Alves I*, supra, 262 Conn. 485.

As to the plaintiff's first claim that the second amended complaint states a colorable claim, our review of that complaint reveals that the trial court properly determined that there are no factual allegations of conduct causing unreasonable pollution or harm to the state's natural resources, which is required to bring a cause of action pursuant to § 22a-16.[8] In light of the parties' history with this court and the exhaustive discussion of our standing jurisprudence in *Alves I*, we see no reason to repeat that discussion in the present case.[9]

---

[8] The plaintiff also claims that, if we conclude that the second amended complaint is not sufficient on its face, this court should infer standing because the second amended complaint contains the "same or similar allegations" as those at issue in *Alves I*, which "not only received [this court's] scrutiny but were also determined by [this court] to be sufficient to establish standing pursuant to . . . § 22a-16. "The plaintiff argues that the doctrine of the law of the case should have precluded the trial court from revisiting the issue of standing on remand. Because we conclude that the trial court improperly granted certain of the development corporation's requested revisions, the plaintiff will have an opportunity to revise its complaint to cure its current shortcomings. Thus, we do not address the plaintiff's arguments under the doctrine of the law of the case.

[9] We have observed that "[s]tanding is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented." (Internal quotation marks omitted.) *Alves I*, supra, 262 Conn. 486.

Two categories of aggrievement exist, classical and statutory. In the present case, the plaintiff alleges only statutory standing pursuant to § 22a-16. In *Alves I*, we noted that, "under § 22a-16, any private party . . . without first having to establish aggrievement, may seek injunctive relief in court for the protection of the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction . . . . This court . . . has recognized no restriction on the class of persons with standing to seek relief under § 22a-16." (Citation omitted; internal quotation marks omitted.) Id., 495–96. "Under § 22a-16, standing

We have held that "[a] complaint does not sufficiently allege standing . . . by merely reciting the provisions of § 22a-16, but must set forth facts to support an inference that *unreasonable pollution, impairment or destruction of a natural resource will probably result from the challenged activities* unless remedial measures are taken." (Emphasis added; internal quotation marks omitted.) *Windels* v. *Environmental Protection Commission*, 284 Conn. 268, 290, 933 A.2d 256 (2007); see also *New London I*, supra, 265 Conn. 432. Plaintiffs are not required to prove the allegations that constitute a colorable claim under the statute in order to survive a motion to dismiss, and a trial court must view the complaint in the light most favorable to the plaintiff. E.g., *Windels* v. *Environmental Protection Commission*, supra, 290; see also *Fort Trumbull Conservancy* v. *New London*, 282 Conn. 791, 805, 925 A.2d 292 (2007) (*New London II*).

Our case law establishes that, to set forth a colorable claim under § 22a-16, the party seeking relief must provide an "indication as to *how or why* [the challenged conduct] is likely to cause unreasonable harm to the environment." (Emphasis added.) *New London I*, supra, 265 Conn. 432. An examination of the proceedings in the *New London I* and *New London II* litigation illustrates the type of allegations that are needed to plead a colorable claim under § 22a-16.

In *New London I*, we concluded that "the allegations of the complaint do not give rise to an inference of unreasonable harm to the environment because *it is not evident how the defendants' failure to follow certain*

---

. . . is conferred only to protect the natural resources of the state from pollution or destruction. . . . Accordingly, *all that is required to invoke the jurisdiction of the Superior Court under § 22a-16 is a colorable claim . . . of conduct resulting in harm to one or more of the natural resources of this state.*" (Citation omitted; emphasis added; internal quotation marks omitted.) *New London I*, supra, 265 Conn. 432.

*procedural requirements in adopting the development
plan or to consider alternatives to the demolition of
buildings in the Fort Trumbull area is likely to cause
such harm. Nor is it apparent what the nature of any
such harm might be."* (Emphasis added.) *New London
I*, supra, 265 Conn. 433. Upon return of that case to this
court, after the trial court's second dismissal of the
plaintiff's claims for lack of standing, we reversed. *New
London II*, supra, 282 Conn. 794, 820. We determined
in *New London II* that the plaintiff's amended complaint
satisfactorily cured the earlier defects. Id., 805. We con-
cluded that "[t]he complaint contains allegations of fact
sufficient to support an inference that the implementa-
tion of the development plan would pose a risk of unrea-
sonable harm to the Thames River and adjacent bodies
of water through contaminated storm water runoff, to
the wildlife in the Thames River and adjacent bodies of
water, to the air around the Fort Trumbull area through
emissions from increased traffic, and to undeveloped
land within the development plan area." Id.; see also
*Windels* v. *Environmental Protection Commission,*
supra, 284 Conn. 290 (finding that allegations were suffi-
cient to establish colorable claim under § 22a-16 and
to survive motion to dismiss).[10]

In the present case, the plaintiff refers to six of its
allegations in support of its claim that the second
amended complaint makes a colorable claim under
§ 22a-16: (1) "[t]he [development corporation] is in the

---

[10] In *Windels*, we also concluded that the plaintiffs' allegations in that
case were sufficient to constitute "a colorable claim of harm to the natural
resources of the state." *Windels* v. *Environmental Protection Commission,*
supra, 284 Conn. 290. "The plaintiffs [in *Windels*] alleged in their third
amended complaint that [the defendant developer's] work on the [subject]
property had resulted in the destruction of wetlands and was likely to
cause irreparable damage to the ecosystem of the Goodwives River and the
surrounding watercourses as a result of increased storm water run-off and
the close proximity of the septic systems to the watercourses and ledge
conditions." Id.

process of demolishing many structures within the Fort Trumbull peninsula area in order to build new structures within the *same* area"; (emphasis in original); (2) "[t]he [development corporation] has filed applications for the demolition of many buildings and structures"; (3) "[a] public trust exists in the air, water, land, historical, cultural, housing and energy resources of Connecticut pursuant to [General Statutes §§] 22a-1 and 22a-15"; (4) "[t]he . . . [development corporation] and [the] city . . . have duties, obligations and responsibilities to preserve and protect the natural resources of the state"; (5) "[t]he . . . city . . . has not and does not currently meet the recycling and source reduction goals established in . . . § 22a-220"; and (6) "[t]he [development corporation] and [the] city have violated or will violate their individual and collective duties, obligations and responsibilities." We are not persuaded. Unlike its original complaint, which we previously had concluded was sufficient; see *Alves I*, supra, 262 Conn. 497; the plaintiff's second amended complaint fails to allege *how* the violation of the defendants' "collective duties, obligations and responsibilities" will cause harm and what the nature of that harm might be. In fact, our review of the plaintiff's second amended complaint reveals no allegation of unreasonable pollution or other harm to the environment or natural resources of the state, let alone any harm caused by the conduct of either the development corporation or the city. Therefore, we agree with the trial court's conclusion that the plaintiff's second amended complaint does not allege a colorable claim under § 22a-16.

Our inquiry does not end there, however. The plaintiff next claims that the trial court's dismissal was improper because the second amended complaint "appears in its current form . . . due to a series of trial court decisions." In response, the defendants argue that the plaintiff was not "straitjacket[ed]" by the trial court's order

to revise and that it was free to add factual allegations to supplement its complaint. We agree with the plaintiff and conclude that, to the extent that the trial court granted requests to revise that were inconsistent with our decision in *Alves I*, such action was improper.

A trial court's rulings on objections to a request to revise are discretionary and, thus, reviewable for an abuse of discretion.[11] "As with any discretionary action of the trial court, appellate review requires every reasonable presumption in favor of the action, and the ultimate issue . . . is whether the trial court could have reasonably concluded as it did." (Internal quotation marks omitted.) *Millbrook Owners Assn., Inc.* v. *Hamilton Standard*, 257 Conn. 1, 15, 776 A.2d 1115 (2001). Further, "[i]t is well established that [i]t is the appellant's burden to provide an adequate record for review. . . . It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record where the trial court has failed to state the basis of a decision . . . to clarify the legal basis of a ruling . . . or to ask the trial [court] to rule on an overlooked matter." (Internal quotation marks omitted.) *Dickinson* v. *Mullaney*, 284 Conn. 673, 680, 937 A.2d 667 (2007). In the present case, the plaintiff not only sought articulation from the trial court but also properly filed a motion for review with the Appellate Court seeking review of the trial court's denial of the plaintiff's motion for articulation. The Appellate Court granted the motion for review but denied the requested

---

[11] Although the plaintiff cites to *Melfi* v. *Danbury*, 70 Conn. App. 679, 684, 800 A.2d 582, cert. denied, 261 Conn. 922, 806 A.2d 1061 (2002), and suggests that the proper standard of review is de novo, we disagree. A trial court's consideration of a request to revise and any objection thereto involves, inter alia, consideration of the factual allegations, the extent to which they are sufficiently precise or specific, and whether the allegations are "unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper . . . ." Practice Book § 10-35 (2). These considerations necessarily involve the trial court's discretionary judgment.

relief. Thus, through no fault of the plaintiff, we do not have an adequate record to review the correctness of the court's rulings as to every enumerated request for revision. In *Alves I*, however, we specifically determined that the plaintiff's claims against the city and the development corporation were sufficient to survive a motion to dismiss. *Alves I*, supra, 262 Conn. 497. Therefore, we conclude that the record is adequate for us to determine which of the plaintiff's allegations were material to these claims. We further conclude that the trial court's order to strike any allegations that were clearly necessary to make these claims colorable was an abuse of discretion. With respect to the requested deletions of those allegations, the plaintiff's objections should have been sustained.[12]

In *Alves I*, we concluded that the plaintiff's allegations in its original complaint "although somewhat vague, were sufficient to withstand a motion to dismiss for lack of standing under the act."[13] Id. After concluding

[12] This court is troubled by the development corporation's request to revise. Nothing in Practice Book § 10-35 authorizes a party to request that material allegations, which have been found to be the basis for a party's standing, be stricken. Furthermore, in the present case, nearly all of the development corporation's requests for revision involved requests that paragraphs be deleted in their entirety rather than amended or supplemented in accordance with our decision in *Alves I*. Such blanket requests are not proper when the allegations clearly support claims for relief that already have been sanctioned by this or any other court.

[13] The plaintiff originally filed a sixty-nine paragraph, one count complaint against three defendants. The complaint was unartfully drafted and failed in numerous ways to comply with our rules of practice. For example, the complaint was not a "plain and concise statement of the material facts" in violation of Practice Book § 10-1. It contained numerous statements of the evidence that would be used to prove the facts alleged, which also were in violation of Practice Book § 10-1. Further, if the plaintiff alleged separate and distinct causes of action, it should have asserted them in separate counts pursuant to Practice Book § 10-26. The burden is on a plaintiff to plead his case clearly and not to expect the court or his opposing counsel to have to wade through a poorly drafted complaint to glean from it the plaintiff's theories of relief.

that, "to the extent that the plaintiff seeks a . . . declaratory judgment that Alves should be required to consider the environmental ramifications of demolition before issuing the demolition permits, such relief cannot be granted consistent with [this court's] holding in *Nizzardo*"; id., 499; we also noted that, insofar as the plaintiff's claim against the city was "grounded in its theory that the city was obligated under the act to require . . . Alves . . . to consider environmental matters before issuing demolition permits," such claim must fail. Id., 501 n.12. We recognized, however, that "the plaintiff has alleged conduct by the city that, if proven, could constitute a violation of the act. Specifically, the plaintiff has alleged that the city has not and does not . . . meet the recycling and source reduction goals [for disposal of solid waste] established in . . . [§] 22a-220." (Internal quotation marks omitted.) Id., 502. Further, we noted that "the plaintiff sufficiently has alleged a cause of action under the act against the [development] corporation on the ground that its demolition activities will result in unreasonable harm to the natural resources of the state." Id. In *Alves I*, we ordered that "the case [be] remanded with direction to deny the motions to dismiss with respect to the claims against the [development] corporation and against the city under § 22a-220 and for further proceedings according to law . . . ." Id., 510.

Despite our conclusion in *Alves I* that the plaintiff's complaint contained allegations that constituted colorable claims against the city and the development corporation under § 22a-16, the development corporation's request to revise included requests to delete, in their entirety, multiple allegations that clearly supported these claims. Specifically, we note that the development corporation requested that the plaintiff delete para-

graphs 52,[14] 55, 56 and 59 of the original complaint, all of which were material to the plaintiff's claims against the city and the development corporation, and unrelated to the claims against Alves. Paragraph 52 of the original complaint alleged that "[t]he buildings, structures and properties proposed for demolition, the supply of available energy resources to be consumed in the demolition process and the solid waste demolition by-products are protectible resources within the legislative policy and intent of [the act]." Paragraph 55 alleged that "[t]he demolition of the buildings, structures and properties and disposal of debris necessitates the expenditure of additional available and future energy resources and a cumulative burden and demand on the state's total energy resources." Paragraph 56 alleged that "[t]he demolition of the buildings, structures and properties and disposal of the debris will unnecessarily and wastefully result in added and cumulative solid waste disposal burdens on existing solid waste facilities and/or require expenditure of transportation energy for disposal at out-of-state facilities." Finally, paragraph 59 alleged that "[s]olid waste landfills registered with the [s]tate . . . department of environmental protection can or in the immediate future no longer accept demolition and construction debris." The plaintiff objected to each of these requested deletions, claiming, inter alia, that "material facts regarding pollution are alleged." We agree with the plaintiff that these were material allegations that were necessary to its claims for relief that this court deemed to be sufficient in *Alves I*. See *Alves I*, supra, 262 Conn. 496–97. Thus, we conclude that the trial court's order that the plaintiff delete these paragraphs was improper and inconsistent with our remand order in *Alves I*.[15]

---

[14] We note that the plaintiff's original complaint contained two paragraphs that were numbered "52." We refer to the second of these two paragraphs.

[15] Although the defendants argue that the plaintiff was not "prevented from adding new factual allegations to amplify or expand [on] its claim that the demolition of buildings would directly cause unreasonable harm to the

In granting the development corporation's requested deletions, the trial court effectively stripped the plaintiff's complaint—which we previously had held to be sufficient in *Alves I*—of the exact type of allegation that it then declared was fatally missing from the second amended complaint. This error was further compounded, not only by the trial court's refusal to articulate its reasoning, but ultimately by its granting of the defendants' renewed motions to dismiss for lack of standing.[16]

The judgment is reversed and the case is remanded with direction to deny the motions to dismiss filed by the city and the development corporation, to allow the plaintiff to revise its complaint in accordance with this opinion and for further proceedings according to law.

In this opinion the other justices concurred.

---

natural resources of the state," this argument fails to acknowledge that, although this court in *Alves I* suggested that the plaintiff *could* amend its original complaint, we concluded that that complaint *already was sufficient* and that the plaintiff had standing. See *Alves I*, supra, 262 Conn. 501–502.

[16] The plaintiff also claims that the trial court improperly denied its request for leave to file an amended complaint. We need not address this issue because the plaintiff will have an opportunity to amend its complaint on remand in accordance with this decision.