ROBERT J. CASSOTTO *v.* TIMOTHY THIBAULT
(AC 32324)

Lavine, Bear and Dupont, Js.

Argued February 14—officially released September 13, 2011

*John R. Williams*, for the appellant (plaintiff).

*Nicole M. Rothgeb*, with whom, on the brief, was *Gregg D. Adler*, for the appellee (defendant).

*Opinion*

BEAR, J. The plaintiff, Robert J. Cassotto, appeals from the May 25, 2010 judgment of nonsuit rendered by the trial court on his amended complaint (third complaint), which alleged a cause of action for intentional infliction of emotional distress against the defendant, Timothy Thibault. The court rendered judgment after the plaintiff declined to revise his third complaint in accordance with the order of the court. On appeal, the plaintiff claims that the court "erred in holding that the individual paragraphs of the third complaint should be deleted because no one of them, alone, was 'extreme and outrageous' and in refusing to consider whether they met that test when read as an entire pattern of conduct." We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. On December 23, 2008, the plaintiff commenced this action by service of process, alleging intentional infliction of emotional distress by the defendant, whom the plaintiff

alleged to be an official in the labor union that represents both the plaintiff and the defendant (first complaint).[1] On March 16, 2009, the defendant filed a request to revise the first complaint, requesting, inter alia, that the plaintiff specify whether he was asserting more than one cause of action, that he separate his causes of action and that he provide the material facts on which he was basing his allegations. More specifically, the defendant requested in relevant part that the plaintiff provide the specific material facts on which he was basing the allegations contained in paragraphs 3, 5, 6 and 7, including the nature of the workplace violence of which the plaintiff complained, the names of the individuals who were subjecting the plaintiff to such workplace violence, the nature of the grievances the

---

[1] In the plaintiff's first complaint, in which he was seeking compensatory and punitive damages in excess of $15,000, he set forth the following allegations:

"1. The plaintiff is an adult citizen of the United States who resides in Winsted, Connecticut.

"2. The defendant is an adult citizen of the United States who resides in Torrington, Connecticut.

"3. On or about January 20, 2006, the defendant, who was an official of the plaintiff's labor union, refused to file or process a meritorious grievance on behalf of the plaintiff concerning workplace violence to which the plaintiff was being subjected.

"4. On or about August 18, 2006, the defendant attempted to physically assault the plaintiff with a cart.

"5. On or about September 14, 2007, the defendant, having become Chief Steward in the plaintiff's union, maliciously refused to file or process several meritorious grievances submitted by the plaintiff.

"6. On or about September 20, 2007, the defendant again refused to accept the plaintiff's complaints and called him 'a fucking liar' in the presence of others.

"7. On or about January 10, 2008, at their workplace, the defendant threatened the plaintiff and subjected him to physical intimidation.

"8. On or about March 25, 2008, the defendant publicly ridiculed the plaintiff, stating that if the plaintiff's job responsibilities were taken away from him, 'at least we'll get some work done now!'

"9. The conduct of the defendant described above was extreme and outrageous and was carried out with the knowledge and intention that it would cause the plaintiff to suffer emotional distress.

"10. As a result, the plaintiff suffered severe emotional distress."

defendant allegedly refused to file on behalf of the plaintiff, the subject matter of the complaints the defendant was accused of not filing, the manner by which the defendant was alleged to have threatened and intimidated the plaintiff and the names of people present when the defendant allegedly "publicly ridiculed" the plaintiff. The plaintiff did not object to the request to revise, and, on May 11, 2009, he filed a one count revised complaint (second complaint) in which he eliminated several of the allegations that had been contained in the first complaint, namely, the allegations contained in paragraphs 3, 5 and 7 of the first complaint.[2] He revised and realleged paragraph 6 of the first complaint as paragraph 4 of the second complaint.

On May 28, 2009, the defendant filed a motion to strike the second complaint, on the ground that the plaintiff's single cause of action for intentional infliction of emotional distress as pleaded was legally insufficient. Oral argument was held on June 15, 2009. On September 2, 2009, the court issued a memorandum of decision in which it granted the defendant's motion to strike, stating that the allegations "simply cannot, as a matter

[2] In the second complaint, the plaintiff alleged the following:

"1. The plaintiff is an adult citizen of the United States who resides in Winsted, Connecticut.

"2. The defendant is an adult citizen of the United States who resides in Torrington, Connecticut.

"3. On or about August 18, 2006, the defendant attempted to physically assault the plaintiff with a cart.

"4. On or about September 20, 2007, the defendant called the plaintiff 'a fucking liar' in the presence of third persons whose identities are not presently known to the plaintiff.

"5. On or about March 25, 2008, the defendant publicly ridiculed the plaintiff in the presence of third persons whose identities are not presently known to the plaintiff, stating that if the plaintiff's job responsibilities were taken away from him, 'at least we'll get some work done now!'

"6. The conduct of the defendant described above was extreme and outrageous and was carried out with the knowledge and intention that it would cause the plaintiff to suffer emotional distress.

"7. As a result, the plaintiff suffered severe emotional distress."

of law, constitute behavior that is so outrageous and extreme as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Rather, the incidents complained of by the plaintiff are isolated, and occurred over the course of one and one-half years. Moreover, the demeaning statements made by the defendant occurred in the presence of an individual that the plaintiff did not, and still does not know, thereby detracting from the extreme and outrageous factor."

On February 26, 2010, the plaintiff chose to replead[3] by filing his third complaint, which set forth, inter alia, the same allegations that had been contained in the second complaint, which had been stricken as insufficient, and the same allegations that were present in the first complaint, which he had omitted from the second complaint.[4] With the exception of one additional allega-

---

[3] There is nothing in the file to indicate why it took more than five months for the plaintiff to replead or why the defendant did not file a motion for judgment during that time. See Practice Book § 10-44 ("[w]ithin fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading; provided that in those instances where an entire complaint . . . has been stricken, and the party whose pleading . . . has been so stricken fails to file a new pleading within that fifteen day period, the judicial authority may, upon motion, enter judgment against said party on said stricken complaint").

[4] Specifically, the third complaint sets forth the following:

"1. The plaintiff is an adult citizen of the United States who resides in Winsted, Connecticut.

"2. The defendant is an adult citizen of the United States who resides in Torrington, Connecticut.

"3. On or about January 20, 2006, the defendant, who was an official of the plaintiff's labor union, refused to file or process a meritorious grievance on behalf of the plaintiff concerning workplace violence to which the plaintiff was being subjected.

"4. On or about August 18, 2006, the defendant attempted to physically assault the plaintiff with a cart.

"5. On or about September 14, 2007, the defendant, having become Chief Steward in the plaintiff's union, maliciously refused to file or process several meritorious grievances submitted by the plaintiff.

"6. On or about September 20, 2007, the defendant again refused to accept the plaintiff's complaints and called him 'a fucking liar' in the presence of others.

tion in paragraph 9 that alleged, "[o]n or about August 1, 2008, the defendant physically assaulted the plaintiff, causing injury to the plaintiff's back, pain and fear," the third complaint is identical to the first complaint, which by virtue of the plaintiff's decision not to object to the defendant's March 16, 2009 request to revise, was ordered to be revised. See Practice Book § 10-37 (a) ("request shall be deemed to have been automatically granted by the judicial authority on the date of filing and shall be complied with by the party to whom it is directed within thirty days . . . unless . . . the party to whom it is directed shall file objection thereto").

On March 11, 2010, the defendant filed another request to revise, this time directed at the third complaint. In this request to revise, the defendant sought the deletion of the allegations that previously had been stricken by the court by virtue of its granting the defendant's motion to strike the second complaint, which now were realleged in paragraphs 4, 6 and 8 of the third complaint, arguing, inter alia, that "[b]ecause it has already been determined, as a matter of law, that [these] allegation[s] [do] not constitute extreme and outrageous conduct, [they] clearly [are] unnecessary, impertinent, immaterial and improper and must be deleted from the plaintiff's claim for intentional infliction of emotional distress." Additionally, as he had done with the first complaint, the defendant again sought to have

---

"7. On or about January 10, 2008, at their workplace, the defendant threatened the plaintiff and subjected him to physical intimidation.

"8. On or about March 25, 2008, the defendant publicly ridiculed the plaintiff, stating that if the plaintiff's job responsibilities were taken away from him, 'at least we'll get some work done now!'

"9. On or about August 1, 2008, the defendant physically assaulted the plaintiff, causing injury to the plaintiff's back, pain and fear.

"10. The conduct of the defendant described above was extreme and outrageous and was carried out with the knowledge and intention that it would cause the plaintiff to suffer emotional distress.

"11. As a result, the plaintiff suffered severe emotional distress."

the plaintiff state the material facts on which he was basing many of the other allegations that were realleged in this third complaint.

The plaintiff objected to each of the defendant's requests on various grounds, including that "it is proper to include the allegations of the previously stricken complaint, *in addition to the new allegations,* to determine whether the whole is extreme and outrageous." (Emphasis in original.) Additionally, the plaintiff objected to the defendant's request that the plaintiff set forth the material facts that support the remaining allegations on the ground that the additional material facts that the defendant was seeking were more appropriate for discovery than for the complaint. On April 23, 2010, the court overruled the plaintiff's objections without issuing a memorandum of decision.[5] The plaintiff did not file a fourth complaint or any other pleading, and, on May 11, 2010, the defendant filed a motion for nonsuit, which, absent any objection by the plaintiff, was granted by the court on May 25, 2010. This appeal followed.

On appeal, the plaintiff claims that the court erred "in holding that the individual paragraphs of the amended complaint should be deleted because no one of them, alone, was 'extreme and outrageous' and in refusing to consider whether they met that test when read as an entire pattern of conduct." The plaintiff argues that "the court picked away most of the factual allegations at an earlier stage of pleading by holding that, because those allegations standing alone had been deemed insufficiently 'extreme and outrageous' to state a claim, they could not be added to other factual claims but rather were deemed not to exist. Accordingly, the court ordered the plaintiff to remove them from his complaint

---

[5] The court overruled seven of the ten objections and determined that no action was necessary on the three remaining objections.

by means of overruling objections to a request to revise." We conclude that the plaintiff has failed to demonstrate that the court abused its discretion.

Although the plaintiff asserts that our standard of review in this case is plenary, following our Supreme Court's decision in *Fort Trumbull Conservancy, LLC* v. *Alves*, 286 Conn. 264, 276 n.11, 943 A.2d 420 (2008), we conclude that the standard of review is abuse of discretion. "A trial court's consideration of a request to revise and any objection thereto involves, inter alia, consideration of the factual allegations, the extent to which they are sufficiently precise or specific, and whether the allegations are unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper . . . . Practice Book § 10-35 (2). These considerations necessarily involve the trial court's discretionary judgment." (Internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC* v. *Alves*, supra, 276 n.11. "As with any discretionary action of the trial court, appellate review requires every reasonable presumption in favor of the action, and the ultimate issue . . . is whether the trial court could have reasonably concluded as it did. . . . Further, [i]t is well established that [i]t is the appellant's burden to provide an adequate record for review. . . . It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record where the trial court has failed to state the basis of a decision . . . to clarify the legal basis of a ruling . . . or to ask the trial [court] to rule on an overlooked matter." (Citation omitted; internal quotation marks omitted.) Id., 276. The court did not issue a memorandum of decision in this case, and the specific reasons for its rulings are not self-evident. Therefore, in order to agree with the plaintiff's claim, we would be required to speculate, which we cannot do; see *In re Selena O.*, 104 Conn. App. 635, 644–45, 934 A.2d 860 (2007); about the basis for the court's

overruling the plaintiff's objections to the defendant's March 11, 2010 request to revise. The lack of a proper basis in the record on which we may act is evident, especially in light of the plaintiff's repleading, verbatim, the exact allegations, with the exception of one new allegation, that previously were ordered revised after his failure to object to the defendant's March 16, 2009 request to revise.[6] Although we are aware of the specific grounds set forth in the defendant's second request to revise and the objections offered thereto, we still are left to speculate as to why, specifically, the court overruled these objections. Accordingly, the plaintiff has failed to demonstrate that the court abused its discretion.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] We find it particularly troublesome that, after declining to object to the defendant's request that the plaintiff revise his first complaint by, inter alia, providing more detailed facts regarding the allegations set forth in those paragraphs, the plaintiff, instead, chose to eliminate those allegations from his second complaint only to reallege each and every one of them, verbatim, and thus unrevised, in his third complaint. If a request to revise is not objected to, it is deemed granted by the judicial authority. See Practice Book § 10-37 (a) ("request shall be deemed to have been automatically granted by the judicial authority . . . unless . . . the party to whom it is directed shall file objection thereto"). Here, although the requested revision was deemed granted, the plaintiff, in his third complaint, realleged, without any further specificity, the same allegations as he had in his first complaint.