## LAMBERTO LUCARELLI v. FREEDOM OF INFORMATION COMMISSION
## (AC 33799)

Beach, Robinson and Pellegrino, Js.

Argued April 18—officially released June 26, 2012

*Lamberto Lucarelli*, pro se, the appellant (plaintiff).

*Tracie C. Brown*, principal attorney, for the appellee (defendant).

*Opinion*

PER CURIAM. The self-represented plaintiff, Lamberto Lucarelli, appeals from the judgment of nonsuit

rendered against him in his appeal to the Superior Court from a final decision of the defendant, the freedom of information commission, and from the trial court's subsequent orders denying his motion to open the judgment of nonsuit, denying his motion to reargue the motion to open, finding his motion to disqualify the judge that rendered the judgment of nonsuit moot, and denying his second motion for reargument, clarification and disqualification. We construe the plaintiff's arguments on appeal as claiming that the court abused its discretion by rendering the judgment of nonsuit and by denying his postjudgment motions.[1] We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. In July, 2009, the plaintiff filed an administrative appeal with the Superior Court from a final decision of

[1] "Although we are solicitous of the rights of [self-represented] litigants . . . [s]uch a litigant is bound by the same rules . . . and procedure as those qualified to practice law." (Internal quotation marks omitted.) *Thompson* v. *Rhodes*, 125 Conn. App. 649, 651, 10 A.3d 537 (2010). Throughout his brief, the plaintiff states that his arguments raise "constitutional questions of due process and equal protection." Other than frequently repeating that phrase, however, the plaintiff has not clearly set forth any specific constitutional claim or provided any factual or legal analysis based on constitutional principles. "It is well settled that [w]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited." (Internal quotation marks omitted.) *Keating* v. *Ferrandino*, 125 Conn. App. 601, 603–604, 10 A.3d 59 (2010). "Assignments of error which are merely mentioned but not briefed beyond a mere statement of the claim will be deemed abandoned and will not be reviewed by this court. . . . This also applies to constitutional claims." (Citations omitted; internal quotation marks omitted.) *Dichello* v. *Holgrath Corp.*, 49 Conn. App. 339, 348 n.8, 715 A.2d 765 (1998). Accordingly, to the extent that the plaintiff has inadequately attempted to raise constitutional challenges to the court's orders on appeal, we deem such claims abandoned.

the defendant dismissing his freedom of information complaints against the police chief, police department and department of public works for the town of Old Saybrook.[2] See *Lucarelli* v. *Chief of Police, Town of Old Saybrook*, Freedom of Information Commission, Docket No. FIC 2008-275; *Lucarelli* v. *Dept. of Public Works, Town of Old Saybrook*, Freedom of Information Commission, Docket No. FIC 2008-400. The gravamen of the appeal to the Superior Court was whether the defendant was obligated to issue subpoenas for witnesses on behalf of the plaintiff, an indigent, self-represented party. Pursuant to an agreement reached by the parties at a pretrial conference, the court, *Hon. George Levine*, judge trial referee, issued an April 22, 2010 order, in which it retained jurisdiction over the appeal but remanded the matter back to the defendant "for the limited purpose of permitting the plaintiff the opportunity to subpoena witnesses so that the plaintiff can present evidence to the effect that the respondent town of Old Saybrook withheld documents that were responsive to the freedom of information request, which is the subject of this appeal." The court further ordered that, if the plaintiff prevailed on remand, it would dismiss the appeal with prejudice; however, if the new decision was unfavorable to the plaintiff, "the record [would] be supplemented with the new evidence and final decision, and the appeal [would] be back before this court."

The defendant held the remand hearing, but the plaintiff did not subpoena any witnesses. The plaintiff believed that the agreement reached at the pretrial conference required the defendant to issue subpoenas on his behalf. After the remand hearing, the plaintiff

---

[2] The plaintiff's request for records arose out of an incident involving the plaintiff at the Old Saybrook transfer station and his dissatisfaction with the town's investigation of that incident.

requested that the court hold a second pretrial confer-
ence to address what he perceived as the defendant's
noncompliance with the court's remand order. The
court initially scheduled the requested pretrial confer-
ence for May 13, 2011, but later granted the defendant's
motion to continue the hearing to June 13, 2011. On
June 13, 2011, the court rendered a judgment of nonsuit
against the plaintiff when he failed to appear for the
pretrial conference.

On June 17, 2011, the plaintiff filed a motion to open
the judgment of nonsuit. The plaintiff stated in his
motion that he "forgot or neglected to note the hearing
date upon any calendar" because he was "preoccupied
with preparing for and appearing at" other legal pro-
ceedings. The defendant objected to the motion to open,
arguing that the plaintiff's lack of regard for the court
and its process should not be tolerated and that the
plaintiff was not likely to prevail on the merits of his
appeal. The court held a hearing on the motion to open
on July 8, 2011. After hearing from the parties, the court
denied the motion to open on the record without
comment.[3]

On July 20, 2011, the plaintiff filed a combined motion
for reargument and reconsideration of his motion to
open and for disqualification of Judge Levine. The
defendant objected to the plaintiff's motions. On July
26, 2011, the court, *Pittman, J.*, issued an order denying
the motion to reargue/reconsider without comment and
indicating that the motion to disqualify was moot "as
a final judgment has entered in this file and this court
has granted an extension of time to file an appeal."
On August 3, 2011, the plaintiff filed a motion seeking

[3] The court issued notices on July 8, 2011, indicating that it denied the
plaintiff's motion to open and sustained the defendant's objection to the
motion to open "for reasons stated on the record." Our review of the tran-
script reveals, however, that the court did not provide on the record the
legal or factual basis for its decision.

reargument, reconsideration and clarification of Judge Pittman's orders and also seeking to disqualify Judge Pittman. Judge Pittman denied that motion without comment on August 4, 2011. This appeal followed.

The plaintiff has appealed from the court's judgment of nonsuit rendered against him for failing to appear for a scheduled pretrial conference and from the court's subsequent orders denying his motion to open the judgment of nonsuit, denying his motion to reargue the denial of the motion to open, determining that his motion to disqualify was moot and denying his second motion for reargument, clarification and disqualification. We apply an abuse of discretion standard of review to all of the challenged decisions; see *In re Christopher C.*, 134 Conn. App. 464, 471, 39 A.3d 1122 (2012) (court's ruling on motion for disqualification reviewed for abuse of discretion); *Fort Trumbull Conservancy, LLC* v. *New London*, 135 Conn. App. 167, 190, 43 A.3d 679 (2012) (court's denial of motions to reconsider, to reargue or to open judgment reviewed for abuse of discretion); except for the court's determination that the motion to disqualify Judge Levine was moot, over which our review is plenary. See *Connecticut Coalition Against Millstone* v. *Connecticut Siting Council*, 286 Conn. 57, 84, 942 A.2d 345 (2008) (mootness raises question of law over which we exercise plenary review).

"This court does not presume error on the part of the trial court; error must be demonstrated by an appellant on the basis of an adequate record." *State* v. *Tocco*, 120 Conn. App. 768, 781 n.5, 993 A.2d 989, cert. denied, 297 Conn. 917, 996 A.2d 279 (2010). As previously noted, although we afford self-represented parties some latitude, "the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *Keating* v. *Ferrandino*, 125 Conn. App.

601, 604, 10 A.3d 59 (2010). Accordingly, as the appellant, it was the plaintiff's burden to provide this court with an adequate record to review his claims on appeal. See Practice Book § 61-10.

In order to determine whether the court abused its discretion, we first need to know the basis for the court's decisions. The court did not file any memoranda of decision or otherwise state on the record the factual or legal basis for the various decisions the plaintiff challenges on appeal. The plaintiff, in turn, did not follow procedures to compel the court's compliance with Practice Book § 64-1, where applicable; see Practice Book § 64-1 (b); nor did he move the court to articulate the basis for its decisions pursuant to Practice Book § 66-5. Without any articulation of the basis for the court's decisions, we are left to guess at or to surmise the reasoning of the court. We have stated on many occasions that we will not engage in such speculation. See, e.g., *Cassotto* v. *Thibault*, 131 Conn. App. 328, 335–36, 27 A.3d 399 (2011); *Bria* v. *Ventana Corp.*, 58 Conn. App. 461, 467, 755 A.2d 239 (2000). There is nothing in the record before us from which we can conclude that the court abused its discretion by rendering the judgment of nonsuit for the plaintiff's failure to appear at the pretrial conference or by later refusing to open that judgment. Likewise, the record does not support a determination that the court abused its discretion when it denied the plaintiff's motions for reargument and reconsideration of its prior rulings or the motion to disqualify Judge Pittman.

Finally, to the extent that the plaintiff's brief can be construed as raising a claim of error regarding the court's determination that his motion to disqualify Judge Levine was moot, the plaintiff has failed to brief any such claim adequately. "We are not obligated to consider issues that are not adequately briefed. . . . [M]ere conclusory assertions regarding a claim, with

no mention of relevant authority and minimal or no citations from the record, will not suffice." (Citations omitted; internal quotation marks omitted.) *Connecticut Coalition Against Millstone* v. *Connecticut Siting Council*, supra, 286 Conn. 87. In the present case, although the plaintiff certainly expresses general dissatisfaction with Judge Pittman's rulings, including the determination that his motion to disqualify Judge Levine was moot, he has failed to assert how the court's decision is erroneous or to provide any legal analysis. Accordingly, we decline to review the court's decision.

The judgment is affirmed.