******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

NANCY ARAUJO *v.* EMANUEL ARAUJO
(AC 36906)

Beach, Keller and Harper, Js.

*Argued April 9—officially released July 7, 2015*

(Appeal from Superior Court, judicial district of
Windham, Graziani, J.)

*Nancy Araujo*, self-represented, the appellant
(plaintiff).

*Jayme E. Stamper*, with whom were *Ariel MacPher-
son* and *Thomas Moran,* for the appellee (defendant).

*Opinion*

PER CURIAM. The self-represented plaintiff, Nancy Araujo, appeals from the financial orders of the trial court's judgment dissolving her marriage to the defendant, Emanuel Araujo. The essence of the plaintiff's claims on appeal are that (1) the court abused its discretion in its distribution of the marital assets and debts and by ordering the plaintiff to pay the defendant $40,000, (2) the court abused its discretion in deviating from the child support guidelines when determining the amount of weekly child support to be paid by the defendant to the plaintiff, (3) the court abused its discretion when it entered orders regarding tax exemptions and deductions for the minor children in the parties' federal and state income tax returns, (4) the court's scrivener's error in the findings of fact of the memorandum of decision represents reversible error, and (5) the court committed clear error when it entered a judicial determination that the plaintiff's judgment was satisfied pursuant to Practice Book § 6-5. We affirm the judgment of the court.

The parties previously had been married and were divorced on March 26, 2005. Thereafter, they remarried on January 20, 2006, and the plaintiff commenced this dissolution action on January 1, 2013. On March 28, 2014, the action was tried to the court. On April 10, 2014, the court issued its memorandum of decision that set forth various orders regarding the dissolution, from which the plaintiff now appeals. The plaintiff filed a motion for articulation on April 24, 2014, to fix two typographical errors and to seek clarification on a finding of fact in the testimony of a witness. This motion was granted by the court on May 14, 2014, and the court issued a corrected memorandum of decision reaffirming its orders. Thereafter, the plaintiff filed this appeal.

"It is well settled that [w]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited. . . . [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." (Internal quotation marks omitted.) *Clelford* v. *Bristol*, 150 Conn. App. 229, 233, 90 A.3d 998 (2014). We make additional note of the fact

that "although we afford self-represented parties some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *Lucarelli* v. *Freedom of Information Commission*, 136 Conn. App. 405, 410, 46 A.3d 937, cert. denied, 307 Conn. 907, 53 A.3d 222 (2012).

We carefully have reviewed the plaintiff's brief and determined that the claims raised therein are inadequate for review. The plaintiff, in her brief, simply stated numerous factual allegations without analysis and any citation to legal principles. Therefore, we decline to review the claims raised therein.

The judgment is affirmed.

———————————