CONTINENTAL CAPITAL CORPORATION *v.*
CARMELA LAZARTE ET AL.
(AC 19423)

Foti, Landau and Schaller, Js.

Argued January 10—officially released April 11, 2000

*Brenden P. Leydon*, with whom was *Peter V. Lathouris*, for the appellant (named defendant).

*Kimberly A. Pisinski*, with whom, on the brief, were *David F. Borrino, Keith K. Fuller* and *F. Erik Kaneko*, for the appellee (plaintiff).

*Opinion*

FOTI, J. The named defendant,[1] Carmela Lazarte, appeals from the judgment of strict foreclosure ren-

---

[1] Green Tree Financial Servicing Corporation also was a defendant in this action, but it is not a party to this appeal. We therefore refer to the named defendant, Carmela Lazarte, as the defendant.

dered in favor of the plaintiff, Continental Capital Corporation, and the denial of the defendant's motion to open the judgment. The defendant claims that the trial court improperly (1) denied her motion to open as untimely, (2) set law days commencing within the appeal period and (3) defaulted the defendant for failure to disclose a defense. We reverse the judgment of the trial court and remand the matter for further proceedings.

The plaintiff commenced this mortgage foreclosure action in November, 1998, and on January 8, 1999, filed a demand for disclosure of defense. On January 13, 1999, the defendant filed her disclosure of defense. On January 21, 1999, the plaintiff filed a motion for default for failure to disclose a defense along with a motion for judgment of strict foreclosure. The plaintiff's motions were scheduled for the short calendar of February 1, 1999.[2] Neither the defendant nor her counsel appeared at the short calendar assignment. The court defaulted the defendant for failure to disclose a defense and rendered a judgment of strict foreclosure against her. Although the judgment was rendered on February 1, 1999, notice of the judgment was not issued until February 5, 1999. On February 1, 1999, the court set law days to run on February 22, 1999, as to the defendant, and February 23, 1999, as to Green Tree Financial Servicing Corporation, the other defendant in this action. Issuance of notice of the law day to the defendant occurred on February 8, 1999.

On February 23, 1999, the defendant filed her motion to open the judgment on the ground that she was defaulted improperly. The court denied her motion as untimely because it was filed after the defendant's law day had run.

---

[2] The plaintiff's motion for default for failure to disclose a defense was marked "oral argument is not requested" and "testimony is not required."

The sole issue in this case is whether the court improperly concluded that the defendant's motion to open was untimely and thereby refused to entertain it. We agree with the defendant that the court should not have refused to hear the motion on its merits.

It is clear, and the plaintiff agrees, that the appeal period did not commence until the clerk issued the notice of judgment on February 5, 1999, and that the court set law days within the appeal period. The plaintiff, however, argues that because the defendant's motion to open, although filed within the period of appeal, was filed after the running of her law day, her right to redeem had expired and she lost all of her rights, including her right to appeal. We disagree.

The court did not rule on the merits of the defendant's motion, but instead concluded as a matter of law that her motion was untimely. When the court draws conclusions of law, our review is plenary and we must decide whether those conclusions are legally and logically correct. *Gateway Co.* v. *DiNoia*, 232 Conn. 223, 229, 654 A.2d 342 (1995).

In setting the defendant's law day as February 22, 1999, the court did not allow the defendant the full period of twenty days to appeal pursuant to Practice Book § 63-1.[3] See *Marine Midland Bank* v. *Ahern*, 51 Conn. App. 790, 794, 724 A.2d 537 (1999), appeal dismissed, 252 Conn. 151, 745 A.2d 189 (2000). Law days in a strict foreclosure cannot run if a motion to open is filed during the appeal period but is yet to be ruled on. D. Caron, Connecticut Foreclosures (2d Ed. 1989) § 17.06, pp. 260–61; see also *Farmers & Mechanics Savings Bank* v. *Sullivan*, 216 Conn. 341, 348–49, 579 A.2d 1054 (1990). Law days are ineffective while the appeal

---

[3] Practice Book § 63-1 (a) provides in relevant part: "Unless a different time period is provided by statute, an appeal must be filed within twenty days of the date notice of the judgment or decision is given. . . ."

period is pending. To conclude otherwise would be tantamount to depriving a party of judicial review and, therefore, of due process of law.

The right to appeal from a judgment of strict foreclosure is meaningless if the beneficial right of redemption is no longer available. "It is fundamental to the judicial process that a party's right to judicial review shall not be obliterated or undermined by the unauthorized exercise of jurisdiction by the court whose doings are, or may be, subject to review. . . . A party accorded the right of appellate review is entitled to the full and unhampered exercise of that right in accordance with the applicable rules of practice or statutes. This the defendant was deprived of, and so, he was deprived of due process of law." *Hartford National Bank & Trust Co.* v. *Tucker,* 181 Conn. 296, 298, 435 A.2d 350, cert. denied, 449 U.S. 956, 101 S. Ct. 363, 66 L. Ed. 2d 221 (1980).

A party may not effectively be deprived of the right to appeal within the twenty days by having the law day pass within that time, thereby causing a loss of the right of redemption. The defendant's motion, therefore, cannot be deemed to be untimely filed under these circumstances; she must be afforded due process in the form of a hearing and a determination on the merits of her motion to open.

The judgment is reversed and the matter is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.