******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

REAL ESTATE MORTGAGE NETWORK, INC. *v.*
LAURA SQUILLANTE ET AL.
(AC 39229)

DiPentima, C. J., and Sheldon and Harper, Js.

*Syllabus*

The plaintiff sought to foreclose a mortgage on certain real property owned
by the named defendant, S. The trial court rendered a judgment of strict
foreclosure and subsequently granted S's motion to open and vacate
the judgment, and extended the law day. Prior to the new law day, S
filed a motion to reopen, which the court denied, but the court extended
the law day again so that it fell on the same day as the final day in
which S could have filed a timely appeal from denial of the motion to
reopen. That law day passed without any appeal or the filing of any
additional motions. Approximately nine months after the law day, S
filed a second motion to reopen, which the trial court denied as moot
on the ground that title had vested in the plaintiff after the law day
passed. Thereafter, S appealed to this court, claiming that the trial court
improperly had denied her second motion to reopen because, although
it was filed nine months after the law day, title had not vested in the
plaintiff, and the court had jurisdiction to reopen the judgment. S specifi-
cally claimed that, irrespective of whether an appeal was actually filed
on or before the law day, a law day that is set to fall within an applicable
appeal period is invalid because it impermissibly shortens that appeal
period. *Held* that the trial court correctly concluded that S's second
motion to reopen was moot, as S's right to appeal from the trial court's
denial of her first motion to reopen ended on the law day at 5 p.m., in
accordance with the applicable rule of practice ([2015] § 7-17), whereas
her right to redeem did not end until midnight on that law day, and,
accordingly, because the setting of the law day did not shorten the time
period within which to appeal, the law day was valid, and title vested
in the plaintiff when S failed to redeem on that day; moreover, because
titled vested in the plaintiff and the trial court thus lacked subject matter
jurisdiction over S's second motion to reopen, the court should have
dismissed rather than have denied the second motion to reopen.

Argued April 16—officially released August 28, 2018

*Procedural History*

Action to foreclose a mortgage on certain real prop-
erty owned by the named defendant, and for other relief,
brought to the Superior Court in the judicial district
of Hartford, where the defendants were defaulted for
failure to plead; thereafter, the court, *Wahla, J.*, granted
the plaintiff's motion for a judgment of strict foreclosure
and rendered judgment thereon; subsequently, the
court, *Scholl, J.*, granted the named defendant's motion
to open and vacate the judgment; thereafter, the court,
*Scholl, J.*, denied the named defendant's motion to
reopen and vacate the judgment; subsequently, the
court, *Wahla, J.*, denied the named defendant's motion
to reopen the judgment and extend the law day, from
which the named defendant appealed to this court.
*Improper form of judgment*; *judgment directed*.

*Matthew S. Carlone*, for the appellant (named
defendant).

*Joseph R. Dunaj*, with whom, on the brief, was *S.
Bruce Fair*, for the appellee (plaintiff).

*Opinion*

DiPENTIMA, C. J. The defendant Laura Squillante[1] appeals from an order of the trial court denying her motion to reopen a judgment of strict foreclosure. On appeal, the defendant claims that the trial court erred in denying her motion because, although it was filed approximately nine months after the applicable law day, title had not vested in the plaintiff, Real Estate Mortgage Network, Inc., and, thus, the court had jurisdiction to reopen the judgment of strict foreclosure. We do not agree.

The following uncontroverted facts are relevant to this appeal. On March 7, 2013, the plaintiff commenced an action for strict foreclosure against the defendant. In its complaint, the plaintiff alleged that the defendant had executed a promissory note with a principal amount of $447,700, secured by a mortgage on real property located at 32 Frazer Fir Road in South Windsor. The plaintiff alleged that the defendant was in default, and, as holder of the mortgage and note, the plaintiff was electing to accelerate the balance of the note and foreclose on the mortgage.

On January 7, 2015, following the expiration of the foreclosure mediation period, the defendant was defaulted for failure to plead. Five days later, on January 12, 2015, the trial court rendered a judgment of strict foreclosure and scheduled the law day for April 27, 2015. Prior to the law day, on April 22, 2015, the defendant filed a motion to open and vacate the judgment of foreclosure.[2] The court granted the defendant's motion on April 27, 2015, and extended the law day until June 8, 2015. Prior to the new law day, on June 3, 2015, the defendant filed a motion to reopen, citing similar grounds as those pleaded in her prior motion to open. The court denied her motion on June 8, 2015, but extended the law day to June 29, 2015. The law day passed without any appeal or additional motions being filed.

Approximately nine months after the June 29, 2015 law day, on March 24, 2016, the defendant filed a second motion to reopen the judgment of strict foreclosure. In her motion, the defendant claimed that the court had jurisdiction to open the judgment because title had not vested in the plaintiff. Specifically, the defendant argued that the June 29, 2015 law day was invalid because it fell within the appeal period following the court's denial of the defendant's first motion to reopen.[3] Because the law day was purportedly invalid, the defendant contended that title could not vest even though no appeal was filed. The trial court disagreed and concluded that title had vested in the plaintiff following the June 29, 2015 law day. Accordingly, the trial court denied the defendant's motion as moot.

In her appeal, the defendant claims that the trial court

erroneously denied her most recent motion to reopen because a law day set within an applicable appeal period is invalid. The defendant argues that, irrespective of whether an appeal is filed, title cannot vest following a law day that impermissibly shortens the period in which to appeal a court's ruling. For the reasons set forth in this opinion, we conclude that the June 29, 2015 law day did not shorten the defendant's appeal period and was therefore valid. Because the law day was valid, title vested in the plaintiff, and the defendant's second motion to reopen was moot.

We begin by setting forth the applicable standard of review for a claim that the trial court lacked subject matter jurisdiction. "When the court draws conclusions of law, our review is plenary and we must decide whether those conclusions are legally and logically correct." *Continental Capital Corp.* v. *Lazarte*, 57 Conn. App. 271, 273, 749 A.2d 646 (2000).

Whether the trial court has jurisdiction to open a judgment of strict foreclosure is generally dependent on whether title has vested in the encumbrancer.[4] See General Statutes § 49-15 (a) (1) (upon written motion by interested person, court may open and modify any judgment of strict foreclosure as it deems reasonable, "provided no such judgment shall be opened *after the title has become absolute in any encumbrancer*" [emphasis added]). "When a motion to open and a subsequent appeal from the denial of the motion to open are filed after title has vested in an encumbrancer, no practical relief can be granted and so the appeal becomes moot." *First National Bank of Chicago* v. *Luecken*, 66 Conn. App. 606, 612, 785 A.2d 1148 (2001), cert. denied, 259 Conn. 915, 792 A.2d 851 (2002).

Normally, in an action for strict foreclosure, the running of the law day vests title in the encumbrancer. See *Ocwen Federal Bank, FSB* v. *Charles*, 95 Conn. App. 315, 324, 898 A.2d 197 (noting that passing of law day extinguishes right of equitable redemption and vests title absolutely in mortgagee), cert. denied, 279 Conn. 909, 902 A.2d 1069 (2006); *Barclays Bank of New York* v. *Ivler*, 20 Conn. App. 163, 166, 565 A.2d 252 ("[u]nder our law, an action for strict foreclosure is brought by a mortgagee who, holding legal title, seeks not to enforce a forfeiture but rather to foreclose an equity of redemption unless the mortgagor satisfies the debt on or before his law day"), cert. denied, 213 Conn. 809, 568 A.2d 792 (1989). In order to be a valid law day, however, the date cannot shorten any applicable period of appeal. See *Continental Capital Corp.* v. *Lazarte*, supra, 57 Conn. App. 273–74. To permit otherwise would deprive a party the opportunity for judicial review and thus violate her right to due process of law. Id.

Here, the defendant claims that the law day was invalid because it fell on the same day as the final day in which she could have timely appealed from the

court's denial of her first motion to reopen. The defendant argues that the concurrent expiration of the period to appeal and the period for equitable redemption is tantamount to shortening the period to appeal. Accordingly, the defendant argues that the June 29, 2015 law day was invalid and that title could not have vested in the plaintiff when she failed to redeem on that day. We are not persuaded.

In *First Federal Savings & Loan Assn. of Rochester* v. *Pellechia*, 37 Conn. App. 423, 425–26, 656 A.2d 688, cert. granted, 234 Conn. 905, 659 A.2d 1206 (1995) (appeal withdrawn February 5, 1996), for the purpose of determining whether a motion for deficiency judgment was timely, we held that the period for equitable redemption ends at midnight on the law day. Prior to then, the mortgagor can seek to satisfy the debt and redeem equitable title in the property. See id. Thus, this right, although likely to be affected by the practical limitations of normal business hours, is not actually extinguished until the law day has ended at midnight.

Conversely, with respect to the applicable period in which to appeal, Practice Book (2015) § 7-17 provided that the Superior Court clerk's office[5] shall be open until 5 p.m. Accordingly, any filing received by the clerk's office after 5 p.m. "shall be deemed filed on the next business day upon which such office is open." Practice Book (2015) § 7-17. Thus, if a party wishes to file an appeal on the last available day, she must ensure that her filing is received by the clerk's office no later than 5 p.m. that day. Otherwise, the appeal shall be deemed to have been filed on the next business day and will be untimely.

In light of the separate constraints governing the deadline to appeal and the deadline to redeem, we conclude that, with respect to the June 29, 2015 law day, the defendant's right to appeal ended at 5 p.m., while her right to redeem did not end until midnight. Therefore, because the setting of the law day did not shorten the time period in which to appeal, the date was valid and title vested in the plaintiff when the defendant failed to redeem on that day. We must note, however, that because we conclude that title vested in the plaintiff, the court lacked jurisdiction and should not have denied, but rather should have dismissed, the defendant's second motion to reopen.

The form of the judgment is improper, the judgment is reversed and the case is remanded with direction to dismiss the motion to reopen the judgment of strict foreclosure as moot.

In this opinion the other judges concurred.

[1] The complaint also named Sharafl, LLC, a junior lienholder, as a defendant. On January 7, 2015, Sharafl, LLC, was defaulted for failure to plead. It has not participated in this appeal. We refer to Squillante as the defendant in this opinion.

[2] In her motion to open, the defendant argued a change in financial circumstances and a renewed willingness to participate in foreclosure mediation

and pursue available financing options.

[3] "Unless a different time period is provided by statute, an appeal must be filed within twenty days of the date notice of the judgment or decision is given." Practice Book § 63-1 (a). Here, the defendant was given notice of the decision in open court on June 8, 2015. Because June 28, 2015, was a Sunday, it would have been permissible for the defendant to file an appeal on Monday, June 29, 2015. See Practice Book (2015) § 7-17 ("[i]f the last day for filing any matter in the clerk's office falls on a day on which such office is not open . . . then the last day for filing shall be the next business day upon which such office is open").

[4] We note that pursuant to an agreement by all appearing parties, a judgment of strict foreclosure may be opened after title has vested with the encumbrancer, provided (1) no judgment may be opened more than four months from the date the judgment was rendered or more than thirty days after title became absolute in any encumbrancer, whichever is later, and (2) the rights and interests of all parties are restored to their original status as they existed on the date judgment was rendered. See General Statutes § 49-15 (a) (2). There also are rare circumstances where a trial court will have jurisdiction to open a judgment of strict foreclosure, after title has vested with the encumbrancer, without the consent of all appearing parties. See, e.g., *New Milford Savings Bank* v. *Jajer*, 244 Conn. 251, 258–60, 708 A.2d 1378 (1998) (trial court had jurisdiction to open judgment of strict foreclosure to correct scrivener's error in foreclosure complaint); *Wells Fargo Bank, N.A.* v. *Melahn*, 148 Conn. App. 1, 12, 85 A.3d 1 (2014) (trial court had jurisdiction to open judgment where encumbrancer falsely certified compliance with court's judgment of strict foreclosure).

[5] Practice Book (2015) § 63-3 provides in relevant part that "[a]ny appeal may be filed in the original trial court or the court to which the case was transferred or in any judicial district court in the state . . . ."