******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# DEUTSCHE BANK TRUST COMPANY AMERICAS, TRUSTEE *v.* KEVIN R. BURKE ET AL.
## (AC 47889)

Elgo, Wilson and Keller, Js.

### *Syllabus*

The defendant property owners appealed from the trial court's judgment granting the plaintiff bank's application for execution of ejectment and from the court's denial of their motion for judgment on the plaintiff's claim for money damages under the mortgage note. This court, in a prior appeal, affirmed the trial court's judgment of strict foreclosure, and, thereafter, the trial court granted the plaintiff's motion for order to set new law days. Prior to the running of the law days, the court denied the defendants' motion to open the judgment and extend the law days. On appeal, the defendants claimed, inter alia, that the court improperly granted the plaintiff's application for execution of ejectment on the ground that their objection thereto was moot. *Held*:

This court rejected the plaintiff's challenge to this court's subject matter jurisdiction over the appeal, as the law day set by the trial court was rendered ineffective by the automatic appellate stay that arose after the denial of the plaintiff's motion to open and, therefore, title to the property had not passed irrevocably to the plaintiff and the appeal was not moot.

The trial court abused its discretion in relying on the scheduled law day to conclude that the defendants' objection to the application for execution of ejectment was moot, as the court's denial of the defendants' motion to open gave rise to an automatic appellate stay, which rendered the scheduled law day ineffective, and therefore title had not yet vested in the plaintiff. This court declined to review the merits of the defendants' claim that the trial court improperly denied their motion for judgment on the plaintiff's claim for money damages under the mortgage note, the defendants having failed to provide this court with an adequate record for review.

Argued June 2—officially released September 16, 2025

### *Procedural History*

Action to foreclose a mortgage on certain real property owned by the named defendant et al., and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the case was tried to the court, *Cordani, J.*; judgment of strict foreclosure, from which the named defendant et al., appealed to this court, *Moll, Clark* and *DiPentima, Js.*, which affirmed the trial

court's judgment; thereafter, the court, *Cirello*, *J.*, granted the plaintiff's motion for order to set new law days; subsequently, the court, *Cirello*, *J.*, denied the motion of the named defendant et al. to open the judgment and extend the law days; thereafter, the court, *Cirello*, *J.*, granted the plaintiff's application for execution of ejectment, and the named defendant et al. appealed to this court; subsequently, the court, *Regan*, *J.*, denied the motion of the named defendant et al. for judgment on the promissory note, and the named defendant et al. filed an amended appeal. *Reversed*; *judgment directed*; *further proceedings*.

*Thomas P. Willcutts*, for the appellants (named defendant et al.).

*Victoria L. Forcella*, for the appellee (plaintiff).

*Opinion*

WILSON, J. The defendants Kevin R. Burke and Maura Lee Wahlberg[1] bring this amended appeal from the trial court's granting of the application for execution of ejectment brought by the plaintiff, Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2005-QA10, and its denial of the defendants' motion for judgment on the plaintiff's claim under the mortgage note, seeking money damages. On appeal, the defendants claim that the court improperly (1) granted the plaintiff's application for execution of ejectment on the ground that their objection thereto was moot and (2) denied their motion for judgment on the plaintiff's claim for a deficiency judgment under the mortgage note. We reverse the judgment of the trial court and remand the case with direction to vacate the execution of ejectment, to make a new

---

[1] Ridge Homeowners Association, Inc., and MorEquity, Inc., were also named as defendants but are not participating in this appeal. Our references in this opinion to the defendants are to Burke and Wahlberg.

finding as to the appraisal of the property, to make a new finding as to the amount of the debt, to set new law days, and for other proceedings according to law. See *Wahba* v. *JPMorgan Chase Bank, N.A.*, 349 Conn. 483, 316 A.3d 338 (2024).

The following facts and procedural history relevant to the resolution of this appeal are taken from this court's decision in the defendants' appeal from the trial court's judgment of strict foreclosure in *Deutsche Bank Trust Co. Americas* v. *Burke*, 218 Conn. App. 542, 292 A.3d 81, cert. denied, 347 Conn. 904, 297 A.3d 567 (2023). "On or about March 4, 2005, Burke executed and delivered a note for a loan in the principal amount of $1,500,000 to a predecessor in interest to the plaintiff. The loan was used to refinance certain real property in Fairfield. On or about March 4, 2005, the defendants executed and delivered a mortgage on the property, which secured the indebtedness under the note, to the plaintiff's predecessor in interest. The mortgage was recorded in the Fairfield land records on March 10, 2005. In October, 2008, the note was modified at the defendants' request to reflect a new principal balance of $1,545,133.75. The mortgage was assigned to the plaintiff, and that assignment was recorded in the Fairfield land records on June 25, 2009. The note was endorsed and delivered to the plaintiff prior to the initiation of the present action and has remained in the possession of the plaintiff. The defendants failed to make the January, 2009 payment due under the note and failed to make any subsequent payments. The plaintiff accelerated the mortgage debt sometime in 2009 and, in May, 2009, filed a foreclosure action on the note and mortgage. That prior action was dismissed for dormancy on May 8, 2014. The plaintiff commenced the present foreclosure action on July 3, 2017. The value of the property at the time of trial was $590,000, and the debt

was $2,752,982.71; there was no equity in the property." (Footnote omitted.) Id., 543–44.

In its original complaint and amended complaint, the plaintiff sought a "[d]eficiency judgment against the makers of, or obligors on, the note described herein, and/or their estate, if deceased (unless same has been precluded by virtue of a bankruptcy filing) . . . ." Nothing in the record indicates that the plaintiff withdrew, waived or abandoned its claim seeking a deficiency judgment. In their answer and special defenses, the defendants, pursuant to General Statutes § 42a-3-118 (a), raised a statute of limitations defense to the plaintiff's claim for a deficiency judgment. The defendants also raised counterclaims against the plaintiff in which they alleged breach of contract and the implied covenant of good faith and fair dealing, negligence, and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.

On August 2, 2021, following a trial, the trial court, *Cordani, J.*, rendered a judgment of strict foreclosure and rendered judgment in favor of the plaintiff on the defendants' counterclaims. The court set the first law day as October 11, 2021.[2] The court, however, deferred issuing a decision on the defendants' statute of limitations defense to the plaintiff's claim for deficiency judgment. The court determined that the defendants had failed to prove their remaining special defenses of laches, equitable estoppel, and unclean hands.

On February 21, 2024, the plaintiff filed a motion for order to set new law days and, on March 18, 2024, the trial court, *Cirello, J.*, granted the motion, opened the judgment of strict foreclosure and set new law days to commence on April 23, 2024. On April 10, 2024, the

---

[2] Although the court originally ordered the law days to commence on October 11, 2021, it issued a corrected judgment on August 9, 2021, ordering the law days to commence on October 12, 2021.

defendants filed a motion to open judgment to extend the April 23, 2024 law day and, on that same date, filed a "Motion for Judgment on Promissory Note." The defendants' motion to open was their first and only motion to open.[3] In its motion for judgment on the note, the defendants argued that any action on the note was barred by the applicable statute of limitations pursuant to § 42a-3-118 (a).

On April 18, 2024, the trial court, *Cirello, J.*, denied the defendants' motion to open and stated in its order that "the motion to open will not be heard before the law day." On June 5, 2024, the plaintiff filed an application for execution of ejectment asserting that title was transferred to it on April 26, 2024. The defendants objected to the application for execution of ejectment and argued that it should be denied because the trial court's April 18, 2024 denial of their motion to open created an automatic appellate stay, which prevented the law day from running on April 23, 2024. On July 19, 2024, the court, *Cirello, J.*, overruled the defendants' objection and issued an order holding that the law day had passed, title had vested in the plaintiff, and, therefore, the execution of ejectment could proceed. On August 7, 2024, the defendants filed an appeal challenging the trial court's July 19, 2024 order. On September 5, 2024, the trial court, *Regan, J.*, denied the defendants' April 10, 2024 motion for judgment, and, on September 20, 2024, the defendants filed an amended appeal to

---

[3] We note that, as this was the defendants' first motion to open, Practice Book § 61-11 did not apply. Practice Book § 61-11 (g) provides in relevant part: "In any action for foreclosure in which the owner of the equity has filed, and the court has denied, at least two prior motions to open or other similar motion, no automatic stay shall arise upon the court's denial of any subsequent contested motion by that party, unless the party certifies under oath, in an affidavit accompanying the motion, that the motion was filed for good cause arising after the court's ruling on the party's most recent motion. Such affidavit shall recite the specific facts relied on in support of the moving party's claim of good cause. . . ."

include the September 5, 2024 ruling of the trial court.[4] Both rulings are the subject of the present appeal. Additional facts and procedural history will be set forth as necessary.

I

Before we address the defendants' claims on appeal, we must first address a jurisdictional argument raised by the plaintiff, that this appeal is moot because title to the subject property has passed irrevocably to the plaintiff. We are not persuaded.

"The question of mootness implicates our subject matter jurisdiction. It is a [well settled] general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . Mootness implicates this court's subject matter jurisdiction, raising a question of law over which we exercise plenary review." (Citation omitted; internal quotation marks omitted.) *U.S. Bank, National Assn.* v. *Fitzpatrick*, 206 Conn. App. 509, 512–13, 260 A.3d 1240 (2021). As this court has observed, "[i]f the law days pass before appellate review of the defendant's claims can occur, the appeal will likely become moot

---

[4] On August 19, 2024, the plaintiff moved to dismiss the defendants' initial appeal "on the basis that [it] is untimely and [because this appeal is moot, as] title has vested absolutely in the plaintiff . . . ." On September 26, 2024, the plaintiff also moved to dismiss the defendants' amended appeal. This court denied both motions to dismiss on October 2, 2024.

because title has passed irrevocably and an appeals court may not grant the defendant any further relief except in rare circumstances." *U.S. Bank Trust, N.A.* v. *O'Brien*, 231 Conn. App. 779, 787, 334 A.3d 558 (2025).

For the reasons that we discuss in part II of this opinion we conclude that the law day set by the trial court was rendered ineffective by the automatic appellate stay, and therefore title to the subject property has not passed irrevocably to the plaintiff. We therefore reject the plaintiff's challenge to this court's subject matter jurisdiction over the appeal.

## II

Next, we consider the defendants' claim that the court improperly granted the plaintiff's application for execution of ejectment on the ground that their objection thereto was moot. We agree with the defendants that, in granting the motion, the court erroneously relied on the April 23, 2024 law day to conclude that title had passed irrevocably to the plaintiff.

We begin by setting forth the standard of review and relevant legal principles that guide our resolution of the defendants' appeal. "A foreclosure action is an equitable proceeding. . . . The determination of what equity requires is a matter for the discretion of the trial court. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Internal quotation marks omitted.) *Federal Deposit Ins. Corp.* v. *Owen*, 88 Conn. App. 806, 811–12, 873 A.2d 1003, cert. denied, 275 Conn. 902, 882 A.2d 670 (2005).

In evaluating the court's exercise of its discretion, we must focus on the legal correctness of its determination

that, at the time that it granted the plaintiff's application for execution of ejectment, title had passed irrevocably to the plaintiff. " 'Because the principal issue on appeal concerns questions of law, namely, subject matter jurisdiction and the scope of the appellate stay provisions in the rules of practice, our review is plenary.' *Wells Fargo Bank of Minnesota, N.A.* v. *Morgan*, 98 Conn. App. 72, 78, 909 A.2d 526 (2006); see also *Chamerda* v. *Opie*, 185 Conn. App. 627, 637–38, 197 A.3d 982 ('A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record.' . . . ), cert. denied, 330 Conn. 953, 197 A.3d 893 (2018); *Zirinsky* v. *Zirinsky*, 87 Conn. App. 257, 269, 865 A.2d 488 ('[w]e are required to interpret the scope of [the] rules of practice; accordingly, we are presented with a question of law over which our review is plenary'), cert. denied, 273 Conn. 916, 871 A.2d 372 (2005)." *Lending Home Funding Corp.* v. *REI Holdings, LLC*, 214 Conn. App. 703, 710–11, 281 A.3d 1 (2022).

The defendants argue that the court's April 18, 2024 denial of their motion to open was an appealable order, giving rise to a twenty day automatic appellate stay which rendered the law day set for April 23, 2024, ineffective, and as such, title did not pass to the plaintiff by operation of the April 23, 2024 law day. The defendants argue, therefore, that the court erred when it determined that title had passed and granted the plaintiff's application to eject the defendants from their property.

The plaintiff argues that title had passed at the time the court granted its application and therefore the defendants lacked the requisite standing to appeal as they no longer held any legal title interest in the property that was the subject of the underlying foreclosure action.

The plaintiff argues therefore that the court did not abuse its discretion when it permitted the ejectment to proceed. For the reasons that follow, we agree with the defendants that the court's denial of the defendants' motion to open the judgment of strict foreclosure triggered the twenty day automatic stay, thereby rendering the April 23, 2024 law day ineffective, and, therefore, title had not passed at the time the court granted the application for execution of ejectment.

As previously discussed, in *Burke*, this court upheld the trial court's judgment of strict foreclosure in favor of the plaintiff. Thereafter, on February 21, 2024, the plaintiff filed a motion to open to set a new law day. On March 18, 2024, the court granted the motion, reentered the judgment of strict foreclosure and reset the law day for April 23, 2024. On April 10, 2024, before the law day had passed, the defendants, for the first time, filed a motion to open the judgment of strict foreclosure, and, on April 18, 2024, the court denied the motion to open stating that "the motion to open will not be heard before the law day."[5]

On June 5, 2024, the plaintiff filed an application for execution of ejectment and, on July 19, 2024, the court granted that application, stating: "[T]he law day passed.

---

[5] In its appellate brief, the plaintiff erroneously argues that the court "recognized that the defendants' motion to open would not be heard prior to vesting and thus denied the defendants' motion to open . . . not on its merits but rather on its inability to be heard prior to vesting due to the defendants' failure to timely file the motion to open . . . ." The court did not deny the motion to open after the law days ran but rather denied the motion prior to the running of the law days. Specifically, the court stated that "the motion to open will not be heard before the law day." Accordingly, when the court denied the defendants' motion to open before the law days ran, it created an automatic appellate stay, and it did not matter that the court did not hear argument on the motion or place it on the short calendar before denying the motion to open. See *Countrywide Home Loans Servicing, L.P.* v. *Peterson*, 171 Conn. App. 842, 845–47, 158 A.3d 405 (2017) (holding that appeal was not moot because trial court summarily denied defendant's motion to open on law day without motion being placed on short calendar).

There was no appellate stay in effect when the plaintiff filed its motion for execution of ejectment." The court determined that because the law day had passed, title had vested in the plaintiff, and once title vested, a motion to open or any similar motion, such as the defendants' objection to the application for ejectment, "must be dismissed as moot because there is no practical relief that the court can provide." The court therefore ruled that the execution of ejectment could proceed.

This court has previously set forth the principles that guide our analysis: "The opening of judgments of strict foreclosure is governed by [General Statutes] § 49-15, which provides in relevant part: Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the judgment, upon the written motion of any person having an interest in the judgment and for cause shown, be opened and modified . . . provided no such judgment shall be opened after the title has become absolute in any encumbrancer . . . .

"In Connecticut, a mortgagee has legal title to the mortgaged property and the mortgagor has equitable title, also called the equity of redemption. . . . The equity of redemption gives the mortgagor the right to redeem the legal title previously conveyed by performing whatever conditions are specified in the mortgage, the most important of which is usually the payment of money. . . . Under our law, an action for strict foreclosure is brought by a mortgagee who, holding legal title, seeks not to enforce a forfeiture but rather to foreclose an equity of redemption unless the mortgagor satisfies the debt on or before his law day. . . . Accordingly, [if] a foreclosure decree has become absolute by the passing of the law days, the outstanding rights of redemption have been cut off and the title has become unconditional in the plaintiff, with a consequent and accompanying right to possession. . . . Thus, once the law day passes and title vests in the [plaintiff], no practi-

cal relief is available [p]rovided that this vesting has occurred pursuant to an authorized exercise of jurisdiction by the trial court . . . . In other words, " 49-15 (a) (1) . . . generally prohibits mortgagors from obtaining practical relief after the passage of the law days and, as a result, [renders] . . . postvesting motions to open a judgment . . . moot. . . .

"On the other hand, it is well established that law days that are set forth in a judgment of strict foreclosure can have no legal effect if an appellate stay is in effect because to give them legal effect would result in an extinguishment of the right of redemption pending appeal. . . . [S]ee . . . *Continental Capital Corp.* v. *Lazarte*, 57 Conn. App. 271, 273–74, 749 A.2d 646 (2000) (Law days are ineffective while the appeal period is pending. To conclude otherwise would be tantamount to depriving a party of judicial review and, therefore, of due process of law.).

"In the context of strict foreclosure, our Supreme Court in *Farmers & Mechanics Savings Bank* v. *Sullivan*, [216 Conn. 341, 579 A.2d 1054 (1990)], addressed the issue of whether a motion to open, filed pursuant to Practice Book (1978–97) § 4009, the predecessor of Practice Book § 63-1,[6] operated to toll the automatic

---

[6] Practice Book § 63-1 provides in relevant part:

"(a) Unless a different time period is provided by statute, an appeal must be filed within twenty days of the date notice of the judgment or decision is given. The appeal period may be extended if permitted by Section 66-1 (a). If circumstances give rise to a new appeal period as provided in subsection (c) of this rule, such new period may be similarly extended as long as no extension of the original appeal period was obtained. . . .

"(c) If a motion is filed within the appeal period that, if granted, would render the judgment, decision or acceptance of the verdict ineffective, either a new twenty day period or applicable statutory time period for filing the appeal shall begin on the day that notice of the ruling is given on the last such outstanding motion, except as provided for additur or remittitur in the next paragraph. . . .

"Motions that, if granted, would render a judgment, decision or acceptance of the verdict ineffective include, but are not limited to, motions that seek: the opening or setting aside of the judgment . . . ."

stay period until that motion was decided. In so doing, the court in *Sullivan* distinguished between motions to open that are timely filed within the twenty day appellate period following the court's judgment of strict foreclosure and those that are untimely filed. See id., 348–50. When a motion is filed *after the expiration of the twenty day appellate stay period, the motion must be heard, and not merely filed, prior to the vesting of title,* for the court to retain jurisdiction over the motion. Id., 349–50. By contrast, when a motion is filed *within the appellate stay period, the filing of the motion extends the stay period* until that motion is decided, even when a law day is scheduled to run before the court has an opportunity to resolve the motion. Id., 346–47; 349–50; see also *Continental Capital Corp.* v. *Lazarte*, supra, 57 Conn. App. 273 ([l]aw days in a strict foreclosure cannot run if a motion to open is filed during the appeal period but is yet to be ruled on). Stated otherwise, the timely filing of a motion to open, pursuant to Practice Book § 63-1, activate[s] the automatic stay under [Practice Book § 61-11] until that motion is decided; *Farmers & Mechanics Savings Bank* v. *Sullivan*, supra, 346; rendering any redemption . . . violative of the automatic stay, and any title derived through such stayed proceedings . . . subject to defeasance. . . . Id., 349. Accordingly, it is well settled that, when a motion to open is timely filed within the twenty day appeal period following the court's judgment of strict foreclosure, any law day scheduled before the motion is decided has no effect, and the court retains jurisdiction to decide the motion. See id., 346–47, 349–50; see also *Continental Capital Corp.* v. *Lazarte*, supra, 273–74." (Citations omitted; emphasis altered; footnote added; footnotes omitted; internal quotation marks omitted.) *Lending Home Funding Corp.* v. *REI Holdings, LLC*, supra, 214 Conn. App. 711–14. "[L]aw days are ineffective pending the stay because to treat

them otherwise would carry out the judgment in violation of the stay." *RAL Management, Inc.* v. *Valley View Associates*, 278 Conn. 672, 683–84, 899 A.2d 586 (2006).

Here, the defendants filed their motion to open the judgment of foreclosure after the expiration of the twenty day appellate stay that arose from the court's March 18, 2024 ruling opening the judgment for the purpose of setting new law days. However, the motion to reopen was denied before the law days ran and before title in the subject property vested irrevocably in the plaintiff. When the court denied the defendants' motion to open before the law days ran, that ruling gave rise to an automatic appellate stay, rendering the April 23, 2024 law day ineffective. Accordingly, the court abused its discretion when it erroneously relied on that law day to conclude that title had passed and granted the application for execution of ejectment.

## III

The defendants' second claim is that the court improperly denied their motion for judgment on the plaintiff's claim under the mortgage note. We lack an adequate record of the factual and legal basis of the court's ruling. However, in light of our resolution of the claim addressed in part II of this opinion, it is unnecessary for us to reach the merits of this claim.

The following procedural history is relevant to this claim. On April 10, 2024, the defendants filed a motion for judgment on the promissory note. In their motion, the defendants argued that they were seeking a formal adjudication of their statute of limitations defense to the plaintiffs' claim at law for money damages and a deficiency judgment as the plaintiff had specifically pleaded in its prayer for relief. The defendants argued that a formal ruling on the plaintiff's claim for money damages under the note was material to the parties' dispute because of its potential impact upon the parties'

respective federal tax rights and liabilities. The defendants argued that the trial court, *Cordani, J.*, made all the requisite factual findings to find in favor of the defendants on their statute of limitations defense on the subject note and had simply deferred ruling on the issue because the plaintiff was not "currently seeking a deficiency judgment." The defendants therefore claimed that the issue was not moot and requested the trial court, *Regan, J.*, to grant their motion and render judgment in their favor. The plaintiff did not file an objection to the motion for judgment. On September 5, 2024, the trial court, *Regan, J.*, denied the motion. The court's ruling states: "DENIED. Per oral record." The defendants have appealed from the court's denial.

The defendants argue that the trial court, *Regan, J.*, erred in failing to enter judgment in their favor as to the plaintiff's claim at law for money damages under the note, erroneously concluding that the claim was moot. The defendants raise essentially the same arguments raised in their motion for judgment. More specifically, the defendants claim that, because the trial court, *Cordani, J.*, in his decision rendering judgment of strict foreclosure, found the requisite facts to rule in favor of the defendants on their statute of limitations defense directed to the plaintiff's claim for money damages under the note, and because Judge Cordani specifically referenced the applicable statute of limitations in his decision, Judge Regan erred in denying the motion for judgment based on mootness. The defendants further argue that the plaintiff represented to this court in *Burke* that it is required to issue a 1099-C tax form relative to forgiveness of debt under the note, creating tax liability for the defendants in the event there is a deficiency, as has already been determined in the court's judgment of strict foreclosure. The defendants argue that because Judge Cordani, in his ruling, specifically cited to the controlling statute of limitations under

§ 42a-3-118 (a),[7] and because he specifically found that the plaintiff had accelerated on the note in 2009, Judge Regan should have ruled in the defendants' favor on the motion for judgment, finding that the plaintiff's deficiency claim was time barred rather than finding that the issue was moot.

The plaintiff argues that Judge Regan did not err in denying the motion for judgment and correctly determined that the defendants' motion was moot.[8] The plaintiff argues that there was no pending action to collect on the note at the time the defendants filed their motion for judgment, and it had not filed a motion for deficiency judgment in accordance with Practice Book § 23-19.[9] The plaintiff further argues that at the time Judge Regan issued his decision on the defendants' motion for judgment, there was nothing pending in the underlying action that would constitute an attempt to collect on the note. Relying on its interpretation of the procedural

[7] General Statutes § 42a-3-118 (a) provides in relevant part that "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date."

[8] To the extent the plaintiff is arguing that the defendants' motion for judgment was moot because title had passed, this court has addressed this issue in part II of this opinion and has determined that title had not passed because an automatic stay was triggered when the court denied the defendants' motion to open, thereby rendering the April 23, 2024 law day ineffective.

[9] Practice Book § 23-19 (a) provides: "Whenever a deficiency judgment is claimed in a foreclosure action, the party claiming such judgment shall file with the clerk of the court within the time limited by statute a written motion setting forth the facts relied on as the basis for the judgment, which motion shall be placed on the short calendar for an evidentiary hearing. Such hearing shall be held not less than fifteen days following the filing of the motion, except as the judicial authority may otherwise order. At such hearing the judicial authority shall hear the evidence, establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim. The plaintiff in any further action upon the debt, note or obligation, shall recover only the amount of such judgment."

posture of the case, the plaintiff argues that it had affirmatively waived any claim for a deficiency judgment. The plaintiff also argues that the claims raised in the defendants' motion for judgment were moot and could not survive because there was not a pending action on the note or a motion pending to seek a deficiency judgment.

The record reflects that the plaintiff in both its original complaint and amended complaint sought money damages and a deficiency judgment. Judge Cordani in his August, 2021 memorandum of decision found that the plaintiff had accelerated on the note some time in 2009 and referenced the applicable statute of limitations regarding the plaintiff's claim for a deficiency judgment; however, he deferred any decision on the plaintiff's claim and the defendants' statute of limitations defense to such claim. The court stated in its decision that, "[w]hile the special defense of the statute of limitations may apply to the enforcement of the note directly or in any deficiency judgment, the statute of limitations as provided for in [§ 42a-3-118 (a)] does not impact the entry of a judgment of foreclosure. Section 42a-3-118 (a) is a statute of limitations that applies to bringing an action to force payment on a note, providing: 'Except as provided in subsection (e), *an action to enforce the obligation of a party to pay a note* payable at a definite time must be commenced within six years after the . . . accelerated due date.' . . .

"The foregoing statute of limitations does not extinguish the debt, but instead potentially bars the remedy of bringing an action to collect on the note. This is not an action at law to collect on the note but is instead an equitable foreclosure action seeking foreclosure of the mortgage." (Emphasis in original; footnote omitted.)

Judge Cordani noted at footnote 7 of his decision that "[t]he plaintiff confirmed on the record of the hearing

in this matter on July 7, 2021, that it is not *currently* seeking a deficiency judgment. In determining the amount of the debt for purposes of this decision, *which does not include any decision on a deficiency*, the court has not considered equitable factors that may have arisen in connection with the delay that may impact a deficiency judgment, *because the court makes no decision concerning a deficiency judgment at this point.* The court has also not considered the impact, if any, of the statute of limitations on the collectability of the debt under the note itself because such a decision is not required at this point since the plaintiff is *currently* only seeking an equitable judgment of foreclosure." (Emphasis added.)

Judge Cordani further noted at footnote 9 that "[t]he plaintiff represented that it is not currently seeking a deficiency judgment or money damages. *The court does not at this time decide the impact, if any, of § 42a-3-118 (a) on the collectability of the note or on the appropriateness of any future requested deficiency judgment.*" (Emphasis added.) Thus, the record clearly reflects that Judge Cordani, in his August, 2021 decision, deferred considering any deficiency claim "because such a decision [was] not required at [that] point since the plaintiff [was] currently only seeking an equitable judgment of foreclosure." It is clear from the record that Judge Cordani's decision to defer ruling on the defendants' statute of limitations defense in response to the plaintiff's claim for a deficiency judgment was not based on mootness grounds but, rather, because the plaintiff was not at that time seeking a deficiency judgment.

In this appeal, both parties, citing Judge Cordani's decision, however, argue that Judge Regan denied the motion based on mootness grounds. Judge Regan, however, denied the motion without providing a written basis for his decision and simply stated in his decision:

"DENIED. Per oral record." The record before this court is devoid as to the basis for his decision, as no record of Judge Regan's oral decision was submitted by the parties to this appeal.

Although both parties have represented to this court that Judge Regan denied the motion for judgment on mootness grounds, we do not presume the basis of the court's ruling. Likewise, "[t]his court does not presume error on the part of the trial court; error must be demonstrated by an appellant on the basis of an adequate record." (Internal quotation marks omitted.) *Lucarelli* v. *Freedom of Information Commission*, 136 Conn. App. 405, 410, 46 A.3d 937, cert. denied, 307 Conn. 907, 53 A.3d 222 (2012). As the appellants, the defendants bore the burden of providing this court with an adequate record to review their claim on appeal. See Practice Book § 61-10.[10]

Although the defendants have failed to provide this court with an adequate record with respect to the ruling at issue, that lack of a record does not end our discussion of the present claim. In part II of this opinion, we concluded that title to the subject property had not passed irrevocably to the plaintiff because the court's denial of the defendants' motion to open had triggered the automatic stay, rendering the April 23, 2024 law day ineffective. Because our resolution of that claim leads us to reverse the judgment of the trial court granting the application for execution of ejectment and to remand the case, among other things, for the purpose of setting new law days,[11] the redemption period has

---

[10] Practice Book § 61-10 provides in relevant part: "(a) It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire record is complete, correct and otherwise perfected for presentation on appeal. . . ."

[11] In accordance with *Wahba* v. *JPMorgan Chase Bank, N.A.*, supra, 349 Conn. 513, in addition to setting new law days, the case is remanded for a new finding as to the appraisal of the property and as to the amount of the debt.

not yet expired. Accordingly, if during the remand proceeding the plaintiff wishes to pursue its rights in accordance with Practice Book § 23-19 and General Statutes § 49-14 (a), it can do so by filing a motion for deficiency judgment in accordance with the statute, after which the defendants' motion for judgment can be heard.[12]

The judgment is reversed and the case is remanded with direction to vacate the execution of ejectment, to make a new finding as to the appraisal of the property, to make a new finding as to the amount of the debt, to set new law days, and for other proceedings according to law.

In this opinion the other judges concurred.

---

[12] General Statutes § 49-14 (a) provides: "At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. Such motion shall be placed on the short calendar for an evidentiary hearing. Such hearing shall be held not less than fifteen days following the filing of the motion, except as the court may otherwise order. At such hearing the court shall hear the evidence, establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim. The plaintiff in any further action upon the debt, note or obligation, shall recover only the amount of such judgment."